448 P.2d 485

**UNION COUNTY FEEDLOT, INC., a New Mexico Corporation, Appellant,**

**v.**

**F. A. VIGIL, Commissioner of Revenue, Appellee.**

**No. 225.**

Court of Appeals of New Mexico.

Nov. 27, 1968.

Kenneth E. Beck, Clayton, for appellant.

Boston E. Witt, Atty. Gen., Edward R. Pearson, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge.

The taxpayer, Union County Feedlot, Inc., purchased a used feed mill for use in New Mexico. The Bureau of Revenue assessed a compensation tax on the purchase. The taxpayer protested the assessment. After a hearing, the Commissioner of Revenue denied the protest. The taxpayer has appealed directly to this court. The issue is whether the taxpayer's purchase is subject to the compensating tax. Before deciding this issue, we state the basis of our jurisdiction.

### Jurisdiction.

■ The tax was assessed under the Compensating Tax Act of 1939. See N.M. Laws 1939, ch. 95 § 1 (repealed 1966) [hereinafter cited as § 72–17–1, N.M.S.A. 1953]. The Tax Administration Act applies to the Compensating Tax Act of 1939, [see § 72–13–14(5), N.M.S.A.1953 (Supp.1967)] and provides that a protestant dissatisfied with the Commissioner's order, after a hearing, may appeal directly to this court. Section 72–13–39, N.M.S.A. 1953 (Supp.1967). We have jurisdiction to review directly the decision of the Commissioner. N.M.Const. Art. VI, § 29; § 16–7–8, N.M.S.A.1953 (Supp.1967).

### Applicability of the tax to the purchase.

Two arguments are presented concerning the applicability of the tax; one, that the feed mill was not acquired from a "retailer" within the meaning of the applicable statutes and two, that the tax was not intended to apply to single, isolated transactions. Though repealed by Laws 1966, ch. 47, § 22 [for present law, see § 72–16A–7, N.M.S.A.1953 (Supp.1967)], the applicable statutes are § 72–17–1, N.M.S.A.1953; N.M. Laws 1939, ch. 95 § 2 and § 3 (repealed 1966) [hereinafter cited as § 72–17–2 and § 72–17–3, N.M.S.A.1953].

■ 1. Acquisition from a retailer.

The tax is imposed on the use in New Mexico of tangible personal property pur-chased from a retailer. Section 72–17–3, supra.

Section 72–17–2, supra, states that:

"'Retailer' means and includes every person engaged in the business of making sales * * * of tangible personal property * * *."

The taxpayer purchased the feed mill from four men who in turn had acquired the mill in an out-of-state bankruptcy proceeding. The taxpayer asserts that the sellers were not engaged in the "business" of making sales and therefore were not retailers. This contention overlooks the statutory definition of "business". Section 72–17–2, supra, states that:

"'Business' includes any activity engaged in by any person * * * with the object of gain, benefit or advantage, either direct or indirect."

The record shows that "* * * these four gentlemen sold the used feed mill to the taxpayer with the object of gain, benefit or advantage." This fact supports the determination that the sale was "business" and that the sellers were "retailers" under the applicable statutes.

■ 2. Single, isolated transaction.

Sale of the mill to the taxpayer was a single, isolated transaction. The definitions of § 72–17–2, supra, are comprehensive; they include such a transaction. "Retailer" includes "every person" engaged in business and "business" includes "any activity" engaged in by "any person" with the object of gain.

The taxpayer, however, asserts that the tax should not be applied to such a transaction because of the purpose of the Compensating Tax Act of 1939. This purpose is set forth in § 72–17–1, supra, as follows:

"The primary purpose of this act is declared to be to protect, so far as practicable, the merchants, dealers and manufacturers of New Mexico who operate under the excise tax laws of this state, and who meet the requirements of such laws, against the unfair competitions of importations into New Mexico,

without the payment of a sales tax, of goods, wares and merchandise."

The taxpayer contends that the tax should not be applied to a single, isolated transaction unless such a transaction would be subject to our "sales" tax if it occurred in New Mexico. In support of this position, the taxpayer points to the Gross Receipts and Compensating Tax Act enacted by Laws 1966, ch. 47. Section 7 of that Act [§ 72–16A–7, N.M.S.A.1953 (Supp. 1967)] does appear to impose a compensating or use tax on property acquired out-of-state and used in New Mexico only where the transaction would have been subject to a gross receipts tax if the transaction had taken place in New Mexico. However, an interpretation of Section 7 is not an issue before us and we are not interpreting that section in this opinion. Thus, whatever the law enacted in 1966, the 1966 law does not determine the applicability of the tax under the 1939 law.

A provision concerning occasional and isolated sales or transactions appears in the old "sales" tax law. See N.M.Laws 1959, ch. 5, § 13 (repealed 1966) [§ 72–16–2(G), N.M.S.A.1953]. This provision excluded occasional and isolated sales from the definition of "engaging" in business. No comparable provision appears in the Compensating Tax Act of 1939. Nor are occasional or isolated sales exempted from the compensating or use tax. See § 72–17–4, N.M. S.A. 1953, as amended (Supp.1967).

Thus, if we assume that the Legislature intended the 1939 use tax to apply only where our "sales" tax would apply to an in-state transaction, we still have the fact that: (1) the Compensating Tax Act omits language comparable to the language of the "sales" tax law concerning occasional or isolated transactions and (2) such transactions are neither excluded nor exempted under the Compensating Act of 1939. The assumed intent is not carried out in the specific provisions of the law; rather, the language used in the act makes the taxpayer's transaction subject to the tax.

Compare Edmunds v. Bureau of Revenue, 64 N.M. 454, 330 P.2d 131 (1958).

The Commissioner's order is supported by substantial evidence and is in accordance with applicable law. Accordingly, it is neither arbitrary nor capricious and its entry was not an abuse of discretion. See § 72–13–39, supra.

The order of the Commissioner is affirmed.

It is so ordered.

SPIESS, C. J., dissenting.

ARMIJO, J., concurs.

SPIESS, Chief Judge (dissenting):

I cannot agree with the interpretation placed upon the Compensating or Use Tax Act (72–17–1 through 72–17–30, now repealed) by the majority. I do not think it was the legislative intent to impose this tax upon a purely isolated and occasional transaction of the kind involved here. The stated purpose of the Act, to my mind, precludes such interpretation.

The legislative statement of purpose (72–17–1, N.M.S.A. 1953) follows:

"The primary purpose of this act is declared to be to protect, so far as is practicable, the merchants, dealers and manufacturers of New Mexico who operate under the excise tax laws of this state, and who meet the requirements of such laws, against the unfair competitions of importations into New Mexico, without the payment of a sales tax, of goods, wares and merchandise."

The Compensating or Use Tax Act was intended, as I view it, to complement the sales tax. Its purpose was clearly to avoid unfair competition from a tax standpoint as between merchants, dealers and manufacturers of New Mexico who operate under the excise tax laws, and those who do not so operate.

An isolated sale or single transaction of the type involved would not have been

taxable under the Sales Tax Act as it existed at the time this transaction occurred. See 72–16–2, subd. G., N.M.S.A.1953.

The imposition of a tax upon a sale under the Compensating or Use Tax Act, which would be exempt under the Sales Tax Act, would not tend to avoid unfair competition from a tax standpoint.

I cannot agree that the term "retailer" was intended by the legislature to include one not engaged in business as a retailer as that term is generally understood but who has participated only in a single, isolated sale.

I, therefore, respectfully dissent.